IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAMONT A. HOUZE II,

      Plaintiff,                    No. CIV S-07-2363 LEW KJM PS

     vs.

COUNTY OF SACRAMENTO, et al.,

      Defendants.           <u>ORDER</u>

                            /

        Plaintiff is proceeding in this action pro se and in forma pauperis. Plaintiff has filed an amended complaint and seeks a stay of the pending action due to his incarceration. Many cases are filed before this court by prisoners seeking relief for civil rights violations and successfully litigated even though the plaintiff is incarcerated. The mere fact of incarceration does not warrant a stay of the action. Accordingly, plaintiff's request for a stay will be denied.

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

/////

/////

1 A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The court finds the allegations in plaintiff's amended complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends. Federal Rule of Civil

1  Procedure 8(a).  Further, plaintiff must demonstrate how the conduct complained of has resulted
2  in a deprivation of plaintiff's federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

3        Plaintiff still appears to be challenging a restraining order issued by the California
4  Superior Court for the County of Sacramento.  Plaintiff is again advised that this court is not an
5  appellate court for the California Superior Court.  To the extent plaintiff is attempting to bring an
6  action under 42 U.S.C. § 1983 based on his conviction for violation of probation, such an action
7  is barred.  See Heck v. Humphrey, 512 U.S. 477 (1994) (suit for damages on a civil rights claim
8  concerning an allegedly unconstitutional conviction or imprisonment cannot be maintained
9  absent proof that the conviction or sentence has been invalidated).  If plaintiff is seeking habeas
10 relief in the first instance, then a habeas action must first be filed in state court.

11       In addition, plaintiff is informed that the court cannot refer to a prior pleading in
12 order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
13 amended complaint be complete in itself without reference to any prior pleading.  This is
14 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
15 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
16 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
17 original complaint, each claim and the involvement of each defendant must be sufficiently
18 alleged.

19       In accordance with the above, IT IS HEREBY ORDERED that:
20       1.  Plaintiff's request to stay the action is denied;
21       2.  Plaintiff's amended complaint is dismissed; and
22       3.  Plaintiff is granted thirty days from the date of service of this order to file a
23 second amended complaint that complies with the requirements of the Federal Rules of Civil
24 Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket
25 number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file
26 an original and two copies of the second amended complaint; failure to file a second amended

3

1  complaint in accordance with this order will result in a recommendation that this action be
2  dismissed.
3  DATED: February 8, 2008.

U.S. MAGISTRATE JUDGE

006
houze2.lta

4